## FLETCHER v. FLETCHER ET AL.

[No. 23,215. Filed March 27, 1917.]

1. WILLS.—*Establishment.—Lost Wills.—Burden of Proof.*—In an action to resist the probate of a will, a cross-complainant seeking to have admitted to probate a lost will has the burden of proving the material facts alleged in her cross-complaint. p. 195.

2. WILLS.—*Appeal.—Record.—Questions Presented.*—Before the legal question as to whether a single provision of a lost will, if legally proven, is entitled to probate even though the other

testamentary provisions are not established, could be presented on an appeal from denial of probate, the record would have to show that the trial court found as a fact that the alleged will was in existence at the time of the death of the testator, or that it had been destroyed in his lifetime without his consent, or that it had otherwise been fraudulently disposed of, and that the provision of the will had been proven by two witnesses or by a correct copy and one witness. p. 196.

3. APPEAL.—*Findings of Trial Court.—Presumptions.*—On an appeal from a denial of probate of a lost will, it will be presumed, unless the record shows to the contrary, that the trial court found against appellant on the facts necessary for probate where there is evidence to sustain such a finding. p. 196.

From Marion Circuit Court (25,056) ; *Louis B. Ewbank,* Judge.

Proceedings between Emily W. Fletcher and Nellie W. Fletcher and others relative to the probate of a will. From the judgment rendered, Emily Fletcher appeals. (Transferred from the Appellate Court for want of jurisdiction.)  *Affirmed.*

*Fred C. Barrett* and *William L. Taylor,* for appellant. *H. N. Spaan,* for appellees.

LAIRY, C. J.—After the death of Calvin I. Fletcher a paper dated in 1895 and purporting to be his last will was produced by its custodian and offered for probate. Nellie W. Fletcher, the widow, appeared to this proceeding and filed a petition to resist the probate of the will offered, in which petition she stated that she was the sole and only heir to Calvin I. Fletcher, deceased, and that the will offered for probate was revoked by the testator about seven years before his death by another will duly executed in the year 1906, which contained a clause revoking all former wills.   The prayer of this petition was that the probate of the will offered be denied.

Emily Fletcher, a sister of Calvin I. Fletcher, filed a cross-complaint in the proceeding in which she admitted the revocation of the will of 1895 by the later

will, which she alleged was duly executed by the testator while he was of sound mind and disposing memory, and that it was in existence at the time of the death of the testator or that it had been destroyed in his lifetime without his knowledge or consent. This cross-complaint further alleged that it contained a clause substantially as follows:

"I hereby give and bequeath unto my sister Emily Fletcher the sum of fifteen thousand dollars".

The cross-complainant stated that she was not able to set out a complete copy of said will or to state the entire contents thereof, and she prayed that such will, containing the clause set out, be adjudged to be the last will and testament of Calvin I. Fletcher, deceased, and that it be admitted to probate, and that the executrix be ordered to comply with the provisions of the clause set out. After hearing the evidence the court found that the alleged will dated in 1895 was revoked in the lifetime of Calvin I. Fletcher, and that it was not his last will and testament. The court further found that the alleged last will of Calvin I. Fletcher described in the cross-complaint of Emily Fletcher was not clearly proven by two witnesses and that it was not shown to have been in existence at the time of the death of the alleged testator. There was judgment that neither of said wills be admitted to probate. A reversal is asked on the ground that the court committed error in overruling appellant's motion for a new trial.

Appellant had the burden of proving the material facts alleged in her cross-complaint. She was required to prove as a part of the facts necessary to sustain her cause of action that the will of 1906 had not been revoked by the testator in his lifetime and also that it contained the clause set out in the cross-complaint by which a bequest was made to appel-

lant.  Appellees assert that it is not sufficient for appellant to establish the provision of the will affecting her, but that all of the other material bequests and provisions must be established by such evidence as the statute requires so as to show the complete will with all of its testamentary provisions.  Appellant denies the necessity under the law of establishing the other testamentary provisions of the will, and asserts that a single provision of a lost will, if legally proven, is entitled to probate even though the other testamentary provisions are not established.

This court is not called upon to decide the legal question which appellant has thus endeavored to present and which her attorneys have so ably argued, 2. for the reason that the record does not show that the trial court was required to decide this legal question either for or against the contention of appellant in order to arrive at the result reached.  Before this legal question could be presented for decision here, the record would have to show that the trial court found as a fact that the alleged will was in existence at the time of the death of the testator, or that it had been destroyed in his lifetime without his consent, or that it had otherwise been fraudulently disposed of; and also that the provision of the will in favor of appellant had been proven by two witnesses or by a correct copy and one witness.  §3167 Burns 1914, §2609 R. S. 1881.

The record does not disclose that the court found these facts in favor of appellant, and the presumptions in favor of the rulings of the trial court require us 3. to hold that the finding as to one or both of such facts was against appellant if there is evidence to sustain such a finding.  Besides the finding of the court, as set out in the record, though a general one, indicates that the court found both of such facts against appellant.  As to both of such disputed facts there is some

evidence to sustain the finding and the judgment must be affirmed.

Judgment affirmed.

NOTE.—Reported in 115 N. E. 582. Wills: (a) necessary proof in probating, 110 Am. St. 454; (b) whether the part of a lost or destroyed will which can be established may be admitted to probate where there are other portions that cannot be established, 26 L. R. A. (N. S.) 654; (c) admissibility of a part only of a lost will, 18 Ann. Cas. 630. See under (1) 40 Cyc 1279.